## JOSEPH W. YERKES AND FRED YERKES v. E. A. NORRIS.

*Payment—Question for jury.*

The only issue in this case was whether a certain payment, made by the defendant to a third party upon an order signed by one of the plaintiffs, was paid on a bill due the drawer of the order, or on the firm account, which question was properly submitted to the jury.

Error to Shiawassee. (Daboll, J., presiding.) Sub-

mitted on briefs January 22, 1892. Decided February 5, 1892.

*Assumpsit.* Defendant brings error. Affirmed. The facts are stated in the opinion.

*Walter McBride,* for appellant, contended:

1. The request should have been given. A debtor, when making a payment, has the right to direct its application; citing *Railway Co. v. Mellen,* 44 Mich. 321; *Railroad Co. v. Smith,* 50 Id. 112; and the debtor has the right to say on which one of several demands the payment shall be applied; citing *Thayer v. Denton,* 4 Mich. 192; and payment on an undisputed item cannot be construed as applying to one in dispute; citing *Fish v. Adams,* 37 Mich. 599.

*James M. Goodell,* for plaintiffs.

GRANT, J. This is an action of *assumpsit* to recover $18.71 claimed to be due plaintiffs from defendant for sawing, hauling logs, and delivering lumber. The defense set up is payment through the following order:

"*E. A. Norris:* Please pay balance due of saw-bill to Eugene Wallace, of Corunna, Mich., and oblige.
                                        " J. W. YERKES.
"*Corunna, April* 20, 1888."

It is conceded that defendant paid Mr. Wallace upon this order $18.71. Plaintiffs' evidence tended to show that this was paid upon an old bill to J. W. Yerkes, with which the firm, composed of the plaintiffs, had nothing to do. Defendant's evidence tended to show that it was paid upon the bill here in dispute.

The only error assigned is that the court erred in not instructing the jury that—

"If they found that Perry came to Corunna, and paid Wallace $18.71, and at the same time stated to Wallace, 'That is payment for sawing the balance of Norris' logs,' the saw-bill in controversy in this suit, plaintiffs cannot recover."

Mr. Perry, who is named in the above request to charge, was the agent of the defendant, and paid the money for him. The circuit judge, under proper instructions, left it to the jury to determine whether this payment was made upon the old bill or upon the bill in suit. This was the only fact in the case, and was properly submitted to the jury.

Judgment affirmed.

The other Justices concurred.